UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA, )
)
)
v. ) No. 2:08-CR-64
)
CRAIG L. FREEMAN )

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction, [Doc. 26]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded, [Doc. 27], and the matter is ripe for review. For the reasons that follow, the motion is DENIED. The defendant has also filed a motion to appoint counsel to assist him in filing his § 3582(c) motion, [Doc. 25]. Federal Defender Services was appointed by Standing Order 14-07 to assist anyone eligible to receive a benefit under Amendments 782 and 788. Therefore, the motion to appoint counsel, [Doc. 25], is DENIED as moot. Because the defendant is clearly ineligible for relief, FDS is unlikely to file any supplemental motion on his behalf.

**I.  Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended

2

guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

## II. Factual Background

The defendant pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (b)(1)(C), [Docs. 4, 14]. As part of his Rule 11(c)(1)(C) plea agreement, the parties stipulated that the appropriate sentence would be a 188-month term of imprisonment followed by a six-year term of supervised release. [Doc. 4, ¶ 2.a)]. The parties stipulated that three grams of cocaine were found on the defendant's person on May 17, 2006 as the factual basis for this charge. [Doc. 4 ¶ 4]. The parties also stipulated that the defendant was previously convicted of (1) possessing cocaine with intent to distribute within 1,000 feet of a school; (2)

---

[1]Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

3

robbery; and (3) felony possession of cocaine. [*Id.*]. No mention of a guideline or sentencing range was made in the plea agreement.

The Court sentenced the defendant to 188 months' imprisonment pursuant to the binding Rule 11(c)(1)(C) plea agreement. [Doc. 14]. The defendant has filed multiple post-judgment motions for modification of his sentence. [Doc. 19, 22]. In addressing these motions, the Court has explicitly stated that the 188-month sentence was imposed pursuant to the Court's acceptance of the binding Rule 11(c)(1)(C) plea agreement. [Docs. 21, 24].

**III. Analysis**

Because the defendant was sentenced pursuant to an 11(c)(1)(C) plea agreement, this court must decide whether the defendant was sentenced to a term of imprisonment "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission. In the Sixth Circuit, a sentence is "based on" a guidelines range if it is imposed pursuant to an 11(c)(1)(C) plea agreement that "makes clear that the basis for the specified term is a Guidelines sentencing range that is evident from the agreement itself." *United States v. McNeese*, -- F.3d --, 2016 WL 1553730, at *5 (6th Cir. 2016) (quoting *Freeman v. United States*, -- U.S. --, 131 S. Ct. 2685 (2011) (Sotomayor, J., concurring in the judgment)). A defendant's sentence is "based on" a guideline range "only when that guideline range is explicitly referenced in the plea agreement." *United States v. Douglas*, 606 F. App'x 287, 289-90 (6th Cir. 2015). Where an 11(c)(1)(C) plea agreement does not mention a sentencing range, the defendant is not eligible for relief under § 3582(c). *McNeese*, 2016 WL 1553730, at *6.

It is evident here that the plea agreement neither lists the base offense level for the agreed-upon amount of drugs, the defendant's suspected criminal history category, nor a specific guidelines range. Based on the lack of information contained in the plea agreement, specifically

4

the lack of a reference to a sentencing range, the defendant cannot show that his sentence was "based on" a guidelines range that has been subsequently lowered. Therefore, he is not entitled to a reduction pursuant to section § 3582(c).

## III. Conclusion

For the reasons stated herein, the defendant's motion, [Doc. 26], is DENED. All provisions of the Judgment, [Doc. 14], shall remain in effect.

ENTER:

                                                s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE